UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| HERBERT LEE PRINGLE, ) <br> ) <br> Plaintiff, ) <br> -vs- ) <br> ) <br> NANCY A. BERRYHILL, ) <br> Commissioner of Social Security; ) <br> ) <br> Defendant. ) <br> _____ ) | Civil Action No.: 4:17-cv-00112-CMC-TER <br><br><br> **REPORT AND RECOMMENDATION** |

This is an action brought pursuant to Section 205(g) of the Social Security Act, as amended, 42 U.S.C. Section 405(g), to obtain judicial review of a "final decision" of the Commissioner of Social Security, denying Plaintiff's claim for disability insurance benefits (DIB). The only issues before the Court are whether the findings of fact are supported by substantial evidence and whether proper legal standards have been applied.

## I. RELEVANT BACKGROUND

**A.     Procedural History**

Plaintiff filed an application for DIB on July 29, 2013, alleging inability to work since July 14, 2012. (Tr. 12). His claims were denied initially and upon reconsideration. Thereafter, Plaintiff filed a request for a hearing. A hearing was held on July 16, 2015, at which time Plaintiff testified. (Tr. 23). The Administrative Law Judge (ALJ) issued an unfavorable decision on October 6, 2015, finding that Plaintiff was not disabled within the meaning of the Act. (Tr. 12-18). Plaintiff filed a request for review of the ALJ's decision. The Appeals Council denied the request for review on November 10, 2016, making the ALJ's decision the Commissioner's final decision. (Tr.1-3). Plaintiff filed this action on January 13, 2017.

B.  **Plaintiff's Background and Medical History**

1.  **Introductory Facts**

Plaintiff was forty-seven years old at the time of the alleged onset. (Tr. 16). Plaintiff has past relevant work experience as an electrician. (Tr. 69). Plaintiff alleges disability due to lung, heart, and feet problems, sarcoidosis, cardiac sarcoidosis, residual effects from frostbite, high blood pressure, and high cholesterol. (Tr. 61).

As a matter of judicial efficiency, Plaintiff's medical records and hearing testimony will not be summarized here since this case is subject to remand on the ALJ's legal error alone in failing to properly weigh the VA rating determination in accordance with *Bird v. Comm'r of S.S.A.*, 699 F.3d 337 (4th Cir. 2012).

2.  **The ALJ's Decision**

In the decision of March 25, 2015, the ALJ made the following findings of fact and conclusions of law:

1.  The claimant meets the insured status requirements of the Social Security Act through December 31, 2015.

2.  The claimant has not engaged in substantial gainful activity since July 14, 2012, the alleged onset date (20 CFR 404.1571 *et seq.*).

3.  The claimant has the following severe impairments: cardiac sarcoidosis (20 CF'R 404.1520(c)).

4.  The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525 and 404.1526).

5.  After careful consideration of the entire record, I find that the claimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b); can occasionally climb ramps and stairs but never ladders, ropes, or scaffolds; and must avoid concentrated exposure to fumes and to hazards such as machinery and heights.

6.  The claimant is unable to perform any past relevant work (20 CFR 404.1565).

7.  The claimant was born on December 28, 1964 and was 47 years old, which is defined as a younger individual age 18-49, on the alleged disability onset date. The claimant subsequently changed age category to closely approaching advanced age (20 CFR 404.1563).

8.  The claimant has at least a high school education and is able to communicate in English (20 CFR 404.1564).

9.  Transferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules as a framework supports a finding that the claimant is "not disabled," whether or not the claimant has transferable job skills (See SSR 82-41 and 20 CFR Part 404, Subpart P, Appendix 2).

10. Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform (20 CFR 404.1569 and 404.1569(a)).

11. The claimant has not been under a disability, as defined in the Social Security Act, from July 14, 2012 through the date of this decision (20 CFR 404.1520(g)).

## II. DISCUSSION

Plaintiff argues that the ALJ erred in failing to properly assess the disability rating by the Department of Veterans' Affairs. Plaintiff argues the ALJ erred in properly assessing Plaintiff's RFC regarding his cold injury residuals and pulmonary sarcoidosis. Plaintiff argues the ALJ failed to properly evaluate Plaintiff's credibility. Plaintiff argues the ALJ did not properly evaluate Plaintiff's refusal of a implantable cardioverter defibrillator. The Commissioner argues substantial evidence supports the ALJ's decision.

**A.   LEGAL FRAMEWORK**

   **1.   The Commissioner's Determination–of–Disability Process**

The Act provides that disability benefits shall be available to those persons insured for

benefits, who are not of retirement age, who properly apply, and who are under a "disability." 42 U.S.C. § 423(a). Section 423(d)(1)(A) defines disability as: the inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for at least 12 consecutive months. 42 U.S.C. § 423(d)(1)(A).

To facilitate a uniform and efficient processing of disability claims, regulations promulgated under the Act have reduced the statutory definition of disability to a series of five sequential questions. *See, e.g., Heckler v. Campbell*, 461 U.S. 458, 460 (1983) (discussing considerations and noting the "need for efficiency" in considering disability claims). An examiner must consider the following: (1) whether the claimant is engaged in substantial gainful activity ("SGA"); (2) whether he has a severe impairment; (3) whether that impairment meets or equals an impairment included in the Listings;[1] (4) whether such impairment prevents claimant from performing PRW;[2] and (5) whether the impairment prevents him from doing SGA. *See* 20 C.F.R. § 404.1520. These

---

[1] The Commissioner's regulations include an extensive list of impairments ("the Listings" or "Listed impairments") the Agency considers disabling without the need to assess whether there are any jobs a claimant could do. The Agency considers the Listed impairments, found at 20 C.F.R. part 404, subpart P, Appendix 1, severe enough to prevent all gainful activity. 20 C.F.R. § 404.1525. If the medical evidence shows a claimant meets or equals all criteria of any of the Listed impairments for at least one year, he will be found disabled without further assessment. 20 C.F.R. § 404.1520(a)(4)(iii). To meet or equal one of these Listings, the claimant must establish that his impairments match several specific criteria or be "at least equal in severity and duration to [those] criteria." 20 C.F.R. § 404.1526; *Sullivan v. Zebley*, 493 U.S. 521, 530 (1990); *see Bowen v. Yuckert*, 482 U.S. 137, 146 (1987) (noting the burden is on claimant to establish his impairment is disabling at Step 3).

[2] In the event the examiner does not find a claimant disabled at the third step and does not have sufficient information about the claimant's past relevant work to make a finding at the fourth step, he may proceed to the fifth step of the sequential evaluation process pursuant to 20 C.F.R. § 404.1520(h).

considerations are sometimes referred to as the "five steps" of the Commissioner's disability analysis. If a decision regarding disability may be made at any step, no further inquiry is necessary. 20 C.F.R. § 404.1520(a)(4) (providing that if Commissioner can find claimant disabled or not disabled at a step, Commissioner makes determination and does not go on to the next step).

A claimant is not disabled within the meaning of the Act if he can return to PRW as it is customarily performed in the economy or as the claimant actually performed the work. See 20 C.F.R. Subpart P, § 404.1520(a), (b); Social Security Ruling ("SSR") 82–62 (1982). The claimant bears the burden of establishing his inability to work within the meaning of the Act. 42 U.S.C. § 423(d)(5).

Once an individual has made a prima facie showing of disability by establishing the inability to return to PRW, the burden shifts to the Commissioner to come forward with evidence that claimant can perform alternative work and that such work exists in the regional economy. To satisfy that burden, the Commissioner may obtain testimony from a VE demonstrating the existence of jobs available in the national economy that claimant can perform despite the existence of impairments that prevent the return to PRW. *Walls v. Barnhart*, 296 F.3d 287, 290 (4th Cir. 2002). If the Commissioner satisfies that burden, the claimant must then establish that he is unable to perform other work. *Hall v. Harris*, 658 F.2d 260, 264-65 (4th Cir. 1981); *see generally Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987) (regarding burdens of proof).

2. **The Court's Standard of Review**

The Act permits a claimant to obtain judicial review of "any final decision of the Commissioner [ ] made after a hearing to which he was a party." 42 U.S.C. § 405(g). The scope of

5

that federal court review is narrowly-tailored to determine whether the findings of the Commissioner are supported by substantial evidence and whether the Commissioner applied the proper legal standard in evaluating the claimant's case. *See id.*; *Richardson v. Perales*, 402 U.S. 389, 390 (1971); *Walls*, 296 F.3d at 290 (*citing Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990)).

The court's function is not to "try these cases *de novo* or resolve mere conflicts in the evidence." *Vitek v. Finch*, 438 F.2d 1157, 1157-58 (4th Cir. 1971); *see Pyles v. Bowen*, 849 F.2d 846, 848 (4th Cir.1988) (*citing Smith v. Schweiker*, 795 F.2d 343, 345 (4th Cir. 1986)). Rather, the court must uphold the Commissioner's decision if it is supported by substantial evidence. "Substantial evidence" is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson*, 402 U.S. at 390, 401; *Johnson v. Barnhart*, 434 F.3d 650, 653 (4th Cir. 2005). Thus, the court must carefully scrutinize the entire record to assure there is a sound foundation for the Commissioner's findings and that her conclusion is rational. *See Vitek*, 438 F.2d at 1157-58; *see also Thomas v. Celebrezze*, 331 F.2d 541, 543 (4th Cir. 1964). If there is substantial evidence to support the decision of the Commissioner, that decision must be affirmed "even should the court disagree with such decision." *Blalock v. Richardson*, 483 F.2d 773, 775 (4th Cir. 1972).

**B.    ANALYSIS**

**ALJ's Analysis of VA determination**

The VA rated Plaintiff with a 60% service connected disability rating, 30% for each foot due to cold injury residuals. (Tr. 241-42, 786). In regard to the VA disability rating determination, the ALJ found:

> The claimant has a 60% service connected cold injury disability rating (Exhibit B10F) and pursuant to Social Security Ruling 06-03p, I have considered such documentation; however, I note that the Social Security Administration's guidelines,

> recommendations, and definitions for disability findings differ than those of the Department of Veterans Affairs (VA) and are not binding in this case. Additionally, the rating is for 60% disability and the evidence of record does not support a finding of total disability.

(Tr. 16).

The ALJ did not assign a specific weight to the VA rating. The opinion of the ALJ was dated October 6, 2015. However, in 2012, the Fourth Circuit decided *Bird v. Comm'r of S.S.A.*, 699 F.3d 337 (4th Cir. 2012). The ALJ "must give substantial weight to a VA disability rating." *Id.* at 343. The VA and the SSA "serve the same governmental purpose of providing benefits to persons unable to work because of a serious disability." *Id.* The Fourth Circuit held that because both agencies assess a person's ability to work in the national economy by focusing on functional limitations, "a disability rating by one of the two agencies is highly relevant to the disability determination of the other agency." *Id.* The ALJ may give less than substantial weight to the VA determination "when the record before the ALJ clearly demonstrates such a deviation is appropriate." *Id.*

In light of *Bird*, the ALJ's explanation here is lacking. The ALJ did not assign a weight at all to the VA disability rating. The ALJ found the definitions for disability under the VA and SSA are not similar. However, the Fourth Circuit found the regulations similar and found that a VA finding is highly relevant. *Id.* The ALJ here did not actually weigh the VA determination and assign weight or begin the analysis with the premise from *Bird* of substantial weight.[3] The ALJ was also dismissive of the VA rating because it was only 60%. However, *Bird* did not state that the VA

---

[3] *See Brooks v. Berryhill*, No. 8:16-CV-01229-MGL-JDA, 2017 WL 1531953 (D.S.C. Apr. 26, 2017), *report and recommendation adopted*, 2017 WL 1735364 (D.S.C. Apr. 28, 2017)(failure to assign substantial weight in accordance with *Bird* and explain deviation required remand)(collecting cases).

7

rating had to be 100% to be entitled to substantial weight, but the decision applied to a VA rating decision.

Considering the record as a whole, the court lacks the ability to determine whether substantial evidence supports the ALJ's decision. As such, remand is required. Remand is necessary for the fact finder to address and weigh, in accordance with *Bird*, the VA determination, as well as reconcile the determination with any other conflicting and/or supporting evidence in the record. "Assessing the probative value of competing evidence is quintessentially the role of the fact finder. We cannot undertake it in the first instance." *Meyer*, 662 F.3d at 707. Proper development of the record as set out above may have a significant impact on the Commissioner's determination of Plaintiff's credibility, the RFC, and on the availability of work for Plaintiff in the national economy at Step Five. Therefore, this court will not address the remaining steps in the sequential evaluation.

In light of the court's finding that this matter should be remanded for further consideration, the court need not address Plaintiff's remaining issues. *See Boone v. Barnhart*, 353 F.3d 203, 211 n.19 (3d Cir. 2003) (remanding on other grounds and declining to address claimant's additional arguments). Upon remand, the ALJ should take into consideration Plaintiff's remaining allegations of error.

### III. CONCLUSION

In conclusion, it may well be that substantial evidence exists to support the Commissioner's decision in the instant case. The court cannot, however, conduct a proper review based on the record presented. Accordingly, pursuant to the power of the Court to enter a judgment affirming, modifying, or reversing the Commissioner's decision with remand in social security actions under sentence four of Sections 205(g) and 1631(c)(3) of the Social Security Act, 42 U.S.C. Sections

405(g) and 1338(c)(3), it is recommended that the Commissioner's decision be reversed and that this matter be remanded to the Commissioner pursuant to sentence four of 42 U.S.C. § 405(g) for further proceedings in accordance with this opinion.

August 23, 2017
Florence, South Carolina

s/ Thomas E. Rogers, III
Thomas E. Rogers, III
United States Magistrate Judge